UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARDIONET, INC., <br><br> Plaintiff, <br><br> v. <br><br> MEDNET HEALTHCARE TECHNOLOGIES, INC., MEDTEL 24, INC., RHYTHMWATCH LLC, and AMI CARDIAC MONITORING, INC., <br><br> Defendants. | Civil Action No. <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT AND JURY DEMAND

Plaintiff CardioNet, Inc., for its Complaint against MedNet Healthcare Technologies, Inc., MedTel 24, Inc., RhythmWatch LLC, and AMI Cardiac Monitoring, Inc., (collectively, "Defendants"), alleges as follows:

### THE PARTIES

1. Plaintiff CardioNet, Inc. ("CardioNet") is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 227 Washington Street, #300, Conshohocken, PA 19428. CardioNet is a leading provider of ambulatory outpatient management solutions for monitoring clinical information regarding an individual's health.

2. On information and belief, defendant MedNet Healthcare Technologies, Inc. ("MedNet") is a corporation organized under the laws of the State of New Jersey, having a principal place of business at 275 Phillips Blvd, Ewing, NJ 08618.

9283663_1

3. On information and belief, defendant MedTel 24, Inc. ("MedTel 24") is a corporation organized under the laws of the State of Florida, having a principal place of business at Boca Corporate Center, 4800 T-Rex Avenue, Suite 100, Boca Raton, FL 33431.

4. On information and belief, defendant RhythmWatch LLC ("RhythmWatch") is a corporation organized under the laws of the State of Pennsylvania, having a principal place of business at 3113 Babcock Blvd, Suite 3, Pittsburgh, PA 15237.

5. On information and belief, defendant AMI Cardiac Monitoring, Inc. ("AMI") is a corporation organized under the laws of the State of Maryland, having a principal place of business at 17810 Meeting House Road, Suite 210, Sandy Spring, MD 20860.

## JURISDICTION AND VENUE

6. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code.

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## FACTS

9. U.S. Patent 7,212,850, entitled "System And Method For Processing And Presenting Arrhythmia Information To Facilitate Heart Arrhythmia Identification And Treatment" ("'850 Patent") was duly and legally issued on May 1, 2007. CardioNet is the owner by assignment of all right, title, and interest in and to the '850 Patent, including without limitation the right to sue and recover for past infringements thereof. A copy of the '850 Patent is attached as Exhibit A to this Complaint.

2

9283663_1

10. U.S. Patent 7,907,996, entitled "System And Method For Processing And Presenting Arrhythmia Information To Facilitate Heart Arrhythmia Identification And Treatment" ("'996 Patent") was duly and legally issued on March 15, 2011. CardioNet is the owner by assignment of all right, title, and interest in and to the '996 Patent, including without limitation the right to sue and recover for past infringements thereof. A copy of the '996 Patent is attached as Exhibit B to this Complaint.

11. U.S. Patent 6,569,095, entitled "Adaptive Selection Of A Warning Limit In Patient Monitoring" ("'095 Patent") was duly and legally issued on May 27, 2003. CardioNet is the owner by assignment of all right, title, and interest in and to the '095 Patent, including without limitation the right to sue and recover for past infringements thereof. A copy of the '095 Patent is attached as Exhibit C to this Complaint.

12. On information and belief, MedNet actively solicits and does business throughout this Judicial District, including using, offering for use, selling, and offering for sale the Heartrak External Cardiac Ambulatory Telemetry ("Heartrak ECAT") System, including both the Heartrak ECAT device and monitoring service associated with the device.

13. On information and belief, MedTel 24 actively solicits and does business throughout this Judicial District, including using, offering for use, selling, and offering for sale monitoring services associated with the Heartrak ECAT device.

14. On information and belief, RhythmWatch actively solicits and does business throughout this Judicial District, including using, offering for use, selling, and offering for sale monitoring services associated with the Heartrak ECAT device.

9283663_1

15. On information and belief, AMI actively solicits and does business throughout this Judicial District, including using, offering for use, selling, and offering for sale monitoring services associated with the Heartrak ECAT device.

16. On information and belief, the Heartrak ECAT System includes a device that records and processes a patient's electrocardiographic signal and monitoring service for assessing the cardiac data transmitted by the Heartrak ECAT device. A copy of MedNet's Heartrak ECAT Specification is attached as Exhibit D to this Complaint.

17. On information and belief, the Heartrak ECAT System identifies arrhythmia events, including atrial fibrillation.

18. On information and belief, the Heartrak ECAT System evaluates heart rate trends, and provides graphic reports presenting information regarding heart rate data and identified arrhythmia events. A copy of MedNet's Website advertising the Heartrak ECAT System is attached as Exhibit E to this Complaint.

19. On information and belief, the Heartrak ECAT device sends heart rate data, including identification of arrhythmias, to a monitoring station where personnel at MedNet, MedTel 24, RhythmWatch and/or AMI, assess the heart rate data. A copy of AMI's Website advertising the Heartrak ECAT System is attached as Exhibit F to this Complaint.

20. On information and belief, personnel at MedNet, MedTel 24, RhythmWatch and/or AMI, assess atrial fibrillation events in regular time intervals.

21. On information and belief, based on the assessment of an atrial fibrillation event by personnel at MedNet, MedTel 24, RhythmWatch and/or AMI, a graphic representation of heart rate data is presented on the same time scale with the atrial fibrillation activity. A copy of a sample Heartrak ECAT System Daily Report is attached as Exhibit G to this Complaint. A copy

9283663_1

of a sample Heartrak ECAT System End of Study Report is attached as Exhibit H to this Complaint.

22. On information and belief, the data transmission from the Heartrak ECAT device to the monitoring station is triggered when arrhythmia events are detected.

23. On information and belief, the triggering of data transmission from the Heartrak ECAT device is based on predetermined parameters which can be reprogrammed. A copy of MedNet's Section 501(k) Premarket Notification of Intent to Market the Heartrak ECAT device is attached as Exhibit I to this Complaint.

## INFRINGEMENT OF '850 PATENT

24. Each of the Defendants has infringed and is continuing to infringe the '850 Patent by making, using, selling, and/or offering for sale, in the United States and in this Judicial District, products, software, and/or services that incorporate or make use of one or more of the inventions covered by the '850 Patent, including but not limited to the Heartrak ECAT System, thereby infringing one or more claims of the '850 Patent.

25. MedNet's Heartrak ECAT System satisfies each and every element of one or more claims of the '850 Patent, for example, and without limitation, claim 31 of the '850 Patent.

26. Claim 31 of the '850 Patent recites:

A system for reporting information related to arrhythmia events comprising:

    a monitoring system configured to process and report physiological data, including heart rate data, for a living being and configured to identify arrhythmia events from the physiological data;

    a monitoring station for receiving the physiological data from the monitoring system;

a processing system configured to receive arrhythmia information from the monitoring system and configured to receive human-assessed arrhythmia information from the monitoring station wherein the human-assessed arrhythmia information derives from at least a portion of the physiological data and wherein the processing system is capable of pictographically presenting, using a common time scale, information regarding the heart rate data during a defined time period and regarding duration of arrhythmia event activity, according to the identified arrhythmia events, during the defined time period such that heart rate trend is presented with arrhythmia event burden.

27. Claim 31 of the '850 Patent has the preamble: "A system for reporting information related to arrhythmia events comprising." The Heartrak ECAT System is a system for reporting information related to arrhythmia events. See Ex. D: Heartrak ECAT Specification; Ex. E: MedNet Heartrak ECAT Website.

28. Claim 31 of the '850 Patent has the element: "a monitoring system configured to process and report physiological data, including heart rate data, for a living being and configured to identify arrhythmia events from the physiological data." The Heartrak ECAT System is a monitoring system configured to process and report at least a patient's heart rate data, and to identify arrhythmia events from the heart rate data. See Ex. D: Heartrak ECAT Specification; Ex. E: MedNet Heartrak ECAT Website.

29. Claim 31 of the '850 Patent has the element: "a monitoring station for receiving the physiological data from the monitoring system." The Heartrak ECAT System includes a central monitoring center which receives physiological data from the Heartrak ECAT device. See Ex. D: Heartrak ECAT Specification.

6

9283663_1

30. Claim 31 of the '850 Patent has the element: "a processing system configured to receive arrhythmia information from the monitoring system and configured to receive human-assessed arrhythmia information from the monitoring station wherein the human-assessed arrhythmia information derives from at least a portion of the physiological data and wherein the processing system is capable of pictographically presenting, using a common time scale, information regarding the heart rate data during a defined time period and regarding duration of arrhythmia event activity, according to the identified arrhythmia events, during the defined time period such that heart rate trend is presented with arrhythmia event burden." The Heartrak ECAT System is a processing system configured to receive arrhythmia information from the Heartrak ECAT device and configured to receive arrhythmia information from the Heartrak ECAT System central monitoring station assessed by MedNet, MedTel 24, RhythmWatch, and/or AMI personnel, wherein the human-assessed arrhythmia information derives from at least a portion of the physiological data. The Heartrak ECAT System is capable of pictographically presenting, using a common time scale, information regarding the heart rate data during a defined time period and regarding duration of arrhythmia event activity, according to the identified arrhythmia events, during the defined time period such that heart rate trend is presented with arrhythmia event burden. See Ex. D: Heartrak ECAT Specification; Ex. G: Heartrak ECAT Daily Report; Ex. H: Heartrak ECAT End of Study Report.

31. The acts of infringement by each of the Defendants set forth above have caused and will cause Plaintiff irreparable harm for which it has no adequate remedy at law, and will continue unless enjoined by this Court.

9283663_1

## INFRINGEMENT OF '996 PATENT

32.  Each of the Defendants has infringed and is continuing to infringe the '996 Patent by making, using, selling, and/or offering for sale, in the United States and in this Judicial District, products and/or software that incorporate or make use of one or more of the inventions covered by the '996 Patent, including but not limited to the Heartrak ECAT System, thereby infringing one or more claims of the '996 Patent.

33.  MedNet's Heartrak ECAT System satisfies each and every element of one or more claims of the '996 Patent, for example, and without limitation, claim 1 of the '996 Patent.

34.  Claim 1 of the '996 Patent recites:

A machine-implemented method comprising:

   identifying atrial fibrillation events in physiological data obtained for a living being, wherein identifying atrial fibrillation events comprises examining the physiological data in multiple time intervals, and identifying intervals in which at least one atrial fibrillation event has occurred;

   obtaining heart rate data for the living being;

   receiving a human assessment of a subset of the identified atrial fibrillation events; and

   based on the human assessment of the subset of the identified atrial fibrillation events, pictographically presenting, using a common time scale, information regarding the heart rate data for the multiple time intervals during a defined time period in alignment with indications of atrial fibrillation activity for the identified intervals, according to the identified atrial fibrillation events, during the defined time period such that heart rate trend is presented with atrial fibrillation burden, wherein pictographically

presenting information regarding the heart rate data comprises displaying for each of the multiple time intervals a range of heart rates and a heart rate average.

35.  Claim 1 of the '996 Patent has the preamble: "A machine-implemented method comprising." The Heartrak ECAT System is a system that performs a machine-implemented method.

36.  Claim 1 of the '996 Patent has the element: "identifying atrial fibrillation events in physiological data obtained for a living being, wherein identifying atrial fibrillation events comprises examining the physiological data in multiple time intervals, and identifying intervals in which at least one atrial fibrillation event has occurred." The Heartrak ECAT System identifies atrial fibrillation events in physiological data obtained for a patient by examining the patient's physiological data in multiple time intervals, and identifying intervals in which an atrial fibrillation event has occurred.  See Ex. D: Heartrak ECAT Specification.

37.  Claim 1 of the '996 Patent has the element: "obtaining heart rate data for the living being." The Heartrak ECAT System obtains at least a patient's heart rate data. See Ex. D: Heartrak ECAT Specification.

38.  Claim 1 of the '996 Patent has the element: "receiving a human assessment of a subset of the identified atrial fibrillation events." The Heartrak ECAT System receives an assessment of a subset of the identified atrial fibrillation events by MedNet, MedTel 24, RhythmWatch, and/or AMI personnel. See Ex. D: Heartrak ECAT Specification.

39.  Claim 1 of the '996 Patent has the element: "based on the human assessment of the subset of the identified atrial fibrillation events, pictographically presenting, using a common time scale, information regarding the heart rate data for the multiple time intervals during a defined time period in alignment with indications of atrial fibrillation activity for the identified

intervals, according to the identified atrial fibrillation events, during the defined time period such that heart rate trend is presented with atrial fibrillation burden, wherein pictographically presenting information regarding the heart rate data comprises displaying for each of the multiple time intervals a range of heart rates and a heart rate average." Based on the assessment of a subset of the identified atrial fibrillation events by MedNet, MedTel 24, RhythmWatch, and/or AMI personnel, the Heartrak ECAT System pictographically presents, using a common time scale, information regarding the heart rate data for the multiple time intervals during a defined time period in alignment with indications of atrial fibrillation activity for the identified intervals, according to the identified atrial fibrillation events, during the defined time period such that heart rate trend is presented with atrial fibrillation burden, wherein pictographically presenting information regarding the heart rate data comprises displaying for each of the multiple time intervals a range of heart rates and a heart rate average.  See Ex. D: Heartrak ECAT Specification; Ex. G: Heartrak ECAT Daily Report; Ex. H: Heartrak ECAT End of Study Report.

40. The acts of infringement by each of the Defendants set forth above have caused and will cause Plaintiff irreparable harm for which it has no adequate remedy at law, and will continue unless enjoined by this Court.

## INFRINGEMENT OF '095 PATENT

41. Each of the Defendants has infringed and is continuing to infringe the '095 Patent by making, using, selling, and/or offering for sale, in the United States and in this Judicial District, products and/or software that incorporate or make use of one or more of the inventions covered by the '095 Patent, including but not limited to the Heartrak ECAT System, thereby infringing one or more claims of the '095 Patent.

9283663_1

42. MedNet's Heartrak ECAT System satisfies each and every element of one or more claims of the '095 Patent, for example, and without limitation, claim 1 of the '095 Patent.

43. Claim 1 of the '095 Patent recites:

A method of monitoring a patient, comprising the steps:

establishing a current warning limit for a physiological characteristic of the patient;

providing a sensor for the physiological characteristic;

measuring a measured value of the physiological characteristic of the patient using the sensor;

comparing the measured value and the current warning limit, and generating a warning signal responsive to the step of comparing; and

selecting a revised warning limit responsive to at least one of the steps of providing and measuring.

44. Claim 1 of the '095 Patent has the preamble: "A method of monitoring a patient, comprising the steps." The Heartrak ECAT System performs a method of monitoring a patient.

45. Claim 1 of the '095 Patent has the element: "establishing a current warning limit for a physiological characteristic of the patient." The Heartrak ECAT System establishes a current warning limit for a physiological characteristic, such as heart rate, of the patient. See Ex. D: Heartrak ECAT Specification; Ex. I: MedNet 502(k).

46. Claim 1 of the '095 Patent has the element: "providing a sensor for the physiological characteristic." The Heartrak ECAT System includes the Heartrak ECAT device with sensors for one or more physiological characteristics, such as heart rate, which is provided to the patient.

47. Claim 1 of the '095 Patent has the element: "measuring a measured value of the physiological characteristic of the patient using the sensor." The Heartrak ECAT System measures a measured value of the physiological characteristic of the patient, such as heart rate, using the sensor on the Heartrak ECAT device. See Ex. D: Heartrak ECAT Specification; Ex. I: MedNet 502(k).

48. Claim 1 of the '095 Patent has the element: "comparing the measured value and the current warning limit, and generating a warning signal responsive to the step of comparing." The Heartrak ECAT System compares the measured value and the current warning limit, and generates a warning signal in response which is sent to the monitoring station. See Ex. D: Heartrak ECAT Specification; Ex. I: MedNet 502(k).

49. Claim 1 of the '095 Patent has the element: "selecting a revised warning limit responsive to at least one of the steps of providing and measuring." The Heartrak ECAT System selects a revised warning limit in response to the steps of providing a sensor and/or measuring the physiological characteristic, such as heart rate. See Ex. D: Heartrak ECAT Specification; Ex. I: MedNet 502(k).

50. The acts of infringement by each of the Defendants set forth above have caused and will cause Plaintiff irreparable harm for which it has no adequate remedy at law, and will continue unless enjoined by this Court.

**WHEREFORE**, Plaintiff CardioNet, Inc. prays for judgment against Defendants as follows:

A. For a declaration that the '850 Patent was duly and legally issued, and is valid and enforceable;

9283663_1

B. For a declaration that the '996 Patent was duly and legally issued, and is valid and enforceable;

C. For a declaration that the '095 Patent was duly and legally issued, is valid and enforceable;

D. Each Defendant has infringed the '850 Patent;

E. Each Defendant has infringed the '996 Patent;

F. Each Defendant has infringed the '095 Patent;

G. That CardioNet be awarded damages caused by each Defendant's infringement, including all lost profits of CardioNet resulting from each Defendant's acts of infringement, and reasonable royalties, together with pre-judgment and post-judgment interest;

H. Enjoining each Defendant, its officers, agents, servants, employees, attorneys, all parent and subsidiary corporations and affiliates, its assigns and successors in interest, and those persons in active concert or participation with each Defendant who receives notice of the injunction, from continuing acts of infringement of the '850, '996 and/or '095 Patents;

I. Adjudging this an exceptional case and awarding to CardioNet its reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

J. Awarding to CardioNet its costs and disbursements incurred in this action; and

K. Awarding to CardioNet such other and further relief as this Court may deem just and proper.

Dated: May 8, 2012

DILWORTH PAXSON LLP

By: _____
John W. Goldschmidt, Jr.
James J. Rodgers
1500 Market St.
Suite 3500E
Philadelphia, PA  19102
+1 215 575 7000


ROPES & GRAY LLP
Bradford J. Badke
Ching-Lee Fukuda
Alexandra O. Fellowes
1211 Avenue of the Americas
New York, New York 10036-8704
+1 212 596 9000

Attorneys for Plaintiff

9283663_1