UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARDIONET, LLC, <br><br> Plaintiff and Counterdefendant, <br> and <br><br> BRAEMAR MANUFACTURING, LLC, <br><br> Plaintiff, <br><br> v. <br><br> MEDNET HEALTHCARE TECHNOLOGIES, INC., HEARTCARE CORPORATION OF AMERICA, UNIVERSAL MEDICAL INC., and UNIVERSAL MEDICAL LABORATORY, INC., <br><br> Defendants and Counterclaimants, and <br><br> MEDTEL 24, INC., RHYTHMWATCH LLC, and AMI CARDIAC MONITORING, INC., <br><br> Defendants. | Civil Action No. 12-cv-2517 (JS) |

## CONSENT JUDGMENT

WHEREAS on May 8, 2012, plaintiff CardioNet, Inc. filed a Complaint against Mednet Healthcare Technologies, Inc., Medtel 24, Inc., RhythmWatch LLC, and AMI Cardiac Monitoring, Inc. in the U.S. District Court for the Eastern District of Pennsylvania, Civil Action No. 2:12-cv-02517 (JS) asserting infringement and seeking damages for infringement of United States Patent Nos. 6,569,095 ("'095 Patent"), 7,212,850 ("'850 Patent") and 7,907,996 ("'996 Patent") and an injunction restraining further infringement of said patents;

WHEREAS, on July 18, 2012, CardioNet, Inc. filed a First Amended Complaint, additionally asserting infringement of United States Patent Nos. 7,587,237 ("'237 Patent") and 7,941,207 ("'207 Patent") by Mednet Healthcare Technologies, Inc., Medtel 24, Inc., RhythmWatch LLC, and AMI Cardiac Monitoring, Inc.;

WHEREAS, on June 11, 2013, CardioNet, Inc. and Braemar Manufacturing LLC ("Braemar") filed a Second Amended Complaint, identifying Braemar as the new owner of all right, title and interest to the '850 Patent, '996 Patent, '095 Patent, '237 Patent, and '207 Patent (collectively, "the Patents in Suit"), and CardioNet, Inc. as the exclusive licensee of these patents. The Second Amended Complaint realleged infringement of the Patents in Suit by Mednet Healthcare Technologies, Inc., Medtel 24, Inc., RhythmWatch LLC, and AMI Cardiac Monitoring, Inc.;

WHEREAS, on July 10, 2013, CardioNet, Inc. and Braemar filed a Third Amended Complaint, adding defendants Heartcare Corporation of America, Universal Medical Inc., and Universal Medical Laboratory, Inc.;

WHEREAS, on August 1, 2013, CardioNet, Inc. changed its name to CardioNet, LLC ("CardioNet");

WHEREAS, the parties have resolved their dispute; and

WHEREAS, Mednet Healthcare Technologies, Inc., HeartCare Corporation of America, Universal Medical Inc., Universal Medical Laboratory, Inc., Medtel24, Inc., RhythmWatch LLC, and AMI Cardiac Monitoring, Inc. (collectively "Defendants") consent to the entry of the following judgment;

IT IS HEREBY ORDERED, ADJUGED AND DECREED that:

1. This action arose under the patent laws of the United States, Title 35, United States Code, and this Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c), and 1400(b).

3. United States Patent No. 7,587,237 (the '237 Patent), a copy of which is attached hereto as **Exhibit 1**, was duly and legally issued. Braemar is the lawful owner of the '237 Patent and CardioNet is the exclusive licensee, with rights to recover for past infringement.

4. The '237 Patent is valid and enforceable.

5. United States Patent No. 7,941,207 (the '207 Patent), a copy of which is attached hereto as **Exhibit 2**, was duly and legally issued. Braemar is the lawful owner of the '207 Patent and CardioNet is the exclusive licensee, with rights to recover for past infringement.

6. The '207 Patent is valid and enforceable.

7. United States Patent No. 6,569,095 (the '095 Patent) a copy of which is attached hereto as **Exhibit 3**, was duly and legally issued. Braemar is the lawful owner of the '095 Patent and CardioNet is the exclusive licensee, with rights to recover for past infringement.

8. The '095 Patent is valid and enforceable.

9. United States Patent No. 7,212,850 (the '850 Patent), a copy of which is attached hereto as **Exhibit 4**, was duly and legally issued. Braemar is the lawful owncr of the '850 Patent and CardioNet is the exclusive licensee, with rights to recover for past infringement.

10. The '850 Patent is valid and enforceable.

11. United States Patent No. 7,907,996 (the '996 Patent), a copy of which is attached hereto as **Exhibit 5**, was duly and legally issued. Braemar is the lawful owner of the '996 Patent and CardioNet is the exclusive licensee, with rights to recover for past infringement.

12. The '996 Patent is valid and enforceable.

13. Making, using, offering to sell or selling in the United States of the accused Heartrak ECAT System, including (i) a Heartrak ECAT Monitor; (ii) a Heartrak ECAT Communicator; and (iii) CardioStation or eCardiostation software infringes the '237 Patent, '207 Patent, '095 Patent, '850 Patent and '996 Patent (collectively, "the Patents in Suit"). Each of the Mednet Defendants has infringed the Patents in Suit by making, using, offering to sell or selling within the United States the Heartrak ECAT System.

14. Except as licensed or otherwise agreed to by the parties, including as stated in Paragraph 16 below, Defendants are each permanently enjoined and restrained from infringing, contributorily infringing or inducing the infringement of the Patents in Suit. As used in this paragraph and the remainder of this Consent Judgment,

    a. "Mednet Defendants" refers to Mednet Healthcare Technologies, Inc., HeartCare Corporation of America, Universal Medical Inc., and Universal Medical Laboratory, Inc.; its officers; its directors; its shareholders; its agents; its servants; its employees; its attorneys; all parent, subsidiary and affiliate corporations or other business entities; all other persons acting in concert, participation or privity with any of the above, including indemnitors; and any predecessors, successors, assigns and heirs of the above;

    b. "MedTel24" refers to MedTel24, Inc.; its officers; its directors; its shareholders; its agents; its servants; its employees; its attorneys; all parent, subsidiary and affiliate corporations or other business entities; all other persons acting in concert, participation or

privity with any of the above, including indemnitors; and any predecessors, successors, assigns and heirs of any of the above;

 c. "RhythmWatch" refers to RhythmWatch LLC; its officers; its directors; its shareholders; its agents; its servants; its employees; its attorneys; all parent, subsidiary and affiliate corporations or other business entities; all other persons acting in concert, participation or privity with any of the above, including indemnitors; and any predecessors, successors, assigns and heirs of any of the above; and

 d. "AMI" refers to AMI Cardiac Monitoring, Inc.; its officers; its directors; its shareholders; its agents; its servants; its employees; its attorneys; all parent, subsidiary and affiliate corporations or other business entities; all other persons acting in concert, participation or privity with any of the above, including indemnitors; and any predecessors, successors, assigns and heirs of any of the above.

15. All existing inventory of the Heartrak ECAT System in the United States belonging to or held by Mednet Defendants, including all related software/source code, including CardioStation and eCardioStation, hardware, including the Heartrak ECAT Monitor and Communicator, and documentation, shall be delivered, at Mednet Defendants' expense, to Plaintiffs at 1 E. Beacon Light Ln., Chester, PA 19013. This inventory shall be delivered to Plaintiffs so that it is received no later than 15 days from the date of this Consent Judgment.

16. Medtel24, RhythmWatch and AMI shall have a limited, non-exclusive license to make, use, sell or offer for sale, the Heartrak ECAT System in the United States for a period of one (1) year from the date of this Consent Judgment. Thereafter, all inventories of the Heartrak ECAT System in the United States belonging to or held by Medtel24, RhythmWatch or AMI, including all related software/source code, including CardioStation and eCardioStation, hardware, including the Heartrak ECAT Monitor and Communicator, and documentation shall

be delivered, at Medtel24's, RhythmWatch 's and AMI's respective expenses, to Plaintiffs at 1 E. Beacon Light Ln., Chester, PA 19013, to be received by Plaintiffs no later than 15 days after the one year date.

17. CardioNet, Braemar and Defendants agree that the issues of patent validity, infringement and enforceability resolved in this Consent Judgment are adjudicated with finality and that each of the Defendants shall be and hereby is precluded from litigating or raising these issues of patent validity and enforceability against any other party to this Consent Judgment in any future cause of action or proceeding relating to the Heartrak ECAT System and this Consent Judgment, including but not limited to any proceeding in the United States Patent and Trademark Office.

18. Notwithstanding anything stated in this Consent Judgment, MedTel24, RhythmWatch, and AMI each specifically reserves the right to challenge the validity and/or enforceability of the Patents in Suit if any infringement action is brought in the future against it under one or more of the Patents in Suit relating to any product that is more than colorably different than the accused infringing products in this action.

19. None of the Defendants shall transfer, assign, sell or otherwise disclose or make available to any third party any inventory or materials belonging to or held by them relating to the Heartrak ECAT System, including all related software/source code, CardioStation, eCardioStation, hardware, including the Heartrak ECAT Monitor and Communicator, and documentation, outside the scope of their conventional activities as cardiac monitoring service providers, without obtaining prior written permission from CardioNet and Braemar.

20. This Consent Judgment shall be binding upon the parties including the Defendants, and their successors, assigns and heirs.

21. This action is dismissed with prejudice, with each party bearing its own costs and attorneys' fees.

22. The Court shall retain continuing jurisdiction over this action for the purpose of enforcing the terms of this Consent Judgment.

Dated: January 31, 2014

By: _____
Bradford J. Badke
Ching-Lee Fukuda
Khue V. Hoang
**ROPES & GRAY LLP**
1211 Avenue of the Americas
New York, NY 10036-8704
(212) 596-9000

James J. Rodgers
**DILWORTH PAXSON LLP**
1500 Market St., Suite 3500E
Philadelphia, PA 19102
(215) 575-7000

*Attorneys for Plaintiffs*

Dated: January 31, 2014

By: _____
Benjamin E. Leace
Christopher H. Blaszkowski
Andrew J. Koopman
**RatnerPrestia**
1235 Westlakes Drive, Suite 301
Berwyn, PA 19312
(610) 407-0700

*Attorneys for Defendants*

SO ORDERED:

_____
HONORABLE JUAN R. SÁNCHEZ
UNITED STATES DISTRICT JUDGE